UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-24078-MOORE/Elfenbein

**JOSE SERRANO**,

    Petitioner,

v.

**JUAN LOPEZ-VEGA**,
*in his official capacity as Acting Director,
Miami Field Office, Enforcement and
Removal Operations, U.S. Immigration
and Customs Enforcement, et al.*,

    Respondents.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. On September 8, 2025, Petitioner Jose Serrano filed a Petition under 28 U.S.C. § 2241 for Writ of Habeas Corpus (the "Petition"). *See* ECF No. [1]. In the Petition, Petitioner alleges he is being detained in violation of the Due Process Clause of the Fifth Amendment to the U.S. Constitution, the Immigration and Nationality Act, and international law. *See* ECF No. [1] at 1–4. He asks the Court to order "Respondents to justify the legality of" his detention and to order his "immediate release" from U.S. Immigration and Customs Enforcement ("ICE") custody. *See* ECF No. [1] at 5. He also asks, in the alternative, that the Court order that he "be detained as an asylum seeker, not as a criminal held with criminals as he is currently." *See* ECF No. [1] at 5. Having reviewed the Petition and the record as whole, it is **ORDERED and ADJUDGED** as follows:

1. On or before **September 16, 2025**, Respondent Juan Lopez-Vega, the Acting Director of ICE's Miami Field Office, and Respondent Todd Lyons, the Acting

CASE NO. 25-CV-24078-MOORE/Elfenbein

    Director of ICE, shall notify the Court of the name of the attorney to whom this case is assigned.

2. On or before **September 29, 2025**, Respondents shall file a memorandum of fact and law to show cause why the Petition should not be granted and file all documents necessary for its resolution.  See 28 U.S.C. § 2243.

3. Counsel for Respondents must caption their memorandum of fact and law as a "Response" and not a "Motion to Dismiss."

4. Respondents are reminded that they must provide Petitioner full and complete copies of all documents filed in support of their Response.  See Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[A]ll documents referenced in the State's answer and filed with the Court must be served on the habeas petitioner.").

5. Petitioner may, but is not required to, file a reply within **7 days** of the Respondents' Response.  If a reply is not filed within that timeframe, the Court will deem the matter ripe and will not consider any untimely reply.  Any reply must comply with the Federal Rules of Civil Procedure and the Local Rules.  Further, a reply, if filed, <u>**shall not exceed 10 pages**</u>.  See S.D. Fla. L.R. 7.1(c)(2).

**DONE and ORDERED** in Chambers in Miami, Florida, on September 9, 2025.

                                                   **MARTY FULGUEIRA ELFENBEIN**
                                                   **UNITED STATES MAGISTRATE JUDGE**

CASE NO. 25-CV-24078-MOORE/Elfenbein

cc: All Counsel of Record

    Noticing 2241/Bivens US Attorney
    Email: usafls-2255@usdoj.gov

    Noticing INS Attorney
    Email: usafls-immigration@usdoj.gov