**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 25-CV-24078-MOORE/Elfenbein

**JOSE SERRANO**,

      Plaintiff,

v.

**JUAN LOPEZ-VEGA,**
*in his official capacity as Acting Director,*
*Miami Field Office, Enforcement and*
*Removal Operations, U.S. Immigration*
*and Customs Enforcement, et al.*,

      Respondents.

_____/

## <u>ORDER ON MOTION FOR LEAVE TO AMEND</u>

**THIS CAUSE** is before the Court on Petitioner Jose Serrano's ("Petitioner") Second Motion for Leave to File First Amended Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Notice of Withdrawal of Objections to Report and Recommendation (ECF No. [21]) and Withdrawal of Motion for Leave to File First Amended Verified Petition for a Writ of Habeas Corpus (ECF No. [29]), (the "Motion"), ECF No. [30].  Respondents Juan Lopez-Vega, Acting Director of the Miami Field Office, Enforcement and Removal Operation, U.S. Immigration and Customs Enforcement; Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement; and Charles Parra, Assistant Field Director in Charge of Krome North Service Processing Center, (collectively the "Respondents") filed a Response to Petitioner's Motion (the "Response"), ECF No. [34].  The Honorable K. Michael Moore referred the above-captioned matter to the undersigned to "take all necessary and proper action as required by law regarding all pre-trial, non-dispositive matters and for a Report and Recommendation on any dispositive matters."  *See* ECF No. [7].

CASE NO. 25-CV-24078-MOORE/Elfenbein

For the reasons explained below, the Report and Recommendations ("R&R"), **ECF No. [17], is VACATED**; the Motion, **ECF No. [30], is GRANTED**; and the Emergency Motion, **ECF No. [10], is DENIED as moot**.

Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Habeas Petition"), ECF No. [1], and an Emergency Motion for a Temporary Restraining Order (the "TRO Motion"), ECF No. [10].  Respondents filed a Response in Opposition to Petitioner's Motion for Temporary Restraining Order (the "Response to the TRO Motion"), ECF No. [13].  They also filed a Return to Writ of Habeas Corpus (the "Response to the Habeas Petition") after the Court issued an Order to Show Cause as to why the Habeas Petition should not be granted.  *See* ECF No. [8].  Both the Response to the TRO Motion and the Response to the Habeas Petition contained, *inter alia*, arguments for dismissal for lack of jurisdiction.  *See* ECF No. [10] at 5-10; ECF No. [17] at 5-6.

The Court thereafter issued the R&R, ECF No. [17], recommending that both the Habeas Petition and the TRO Motion be dismissed without prejudice for lack of subject-matter jurisdiction.  *See* ECF No. [17] at 12-13, 16-17.  Petitioner filed Objections to the R&R (the "Objections"), ECF No. [21], and a Motion for Leave to File First Amended Verified Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241(the "First Motion for Leave"), ECF No. [29].  While that was pending, he then filed the Motion, which included his withdrawal of the Objections to the R&R and a second request for leave to file a First Amended Habeas Petition to address the deficiencies highlighted in the R&R.  *See id*. at 3-4.  Because Petitioner withdrew the First Motion for Leave, the Court denied that one as moot.  *See* ECF No. [31].  Respondents thereafter filed their Response to the Motion, indicating that they do not oppose the relief sought therein.  *See* ECF No. [34] at 1.

"A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Absent "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," the Court should grant leave freely. *Id.*

"An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary." *Dresdner Bank AG v. M/V Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006) (quotation marks omitted); *see also Fritz v. Std. Sec. Life Ins. Co. of New York*, 676 F.2d 1356, 1358 (11th Cir. 1982) ("Under the Federal Rules, an amended complaint supersedes the original complaint."). "An amended complaint supersedes the original complaint, and thus renders moot a motion to dismiss the original complaint." *S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1287 n.1 (N.D. Ga.), order clarified, 15 F. Supp. 3d 1329 (N.D. Ga. 2013); *see also Rios v. Bakalar & Assocs., P.A.*, 795 F. Supp. 2d 1368, 1370 (S.D. Fla. 2011) (denying motion to dismiss initial complaint as moot when plaintiff filed an amended complaint); *Pro Transp., Inc. v. Great Am. Ins. Co.*, No. 17-CV-20724-KMM, 2017 WL 5668110, at *2 (S.D. Fla. Oct. 13, 2017) (same).

Because Petitioner seeks to file a First Amended Habeas Petition, the purpose of which is

CASE NO. 25-CV-24078-MOORE/Elfenbein

to cure the defects highlighted in the R&R, and Respondents do not object to the Motion, it is

**ORDERED and ADJUDGED** that the Motion, **ECF No. [30],** is **GRANTED.**  As the filing of

the proposed First Amended Habeas Petition supersedes the original Habeas Petition, it is further

**ORDERED and ADJUDGED** that the R&R, **ECF No. [17],** is **VACATED,** and the TRO Motion,

**ECF No. [10],** is **DENIED as moot**.[1]  Petitioner **SHALL** separately file his First Amended Habeas

Petition **no later than June 8, 2026** and Respondents shall have **fourteen (14) days** to respond.

**DONE  AND  ORDERED**  in  Chambers  at  Miami,  Florida,  on June 1, 2026.

**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

Copies to:

Counsel of Record

---

[1] The TRO Motion is based on the claims raised in the Habeas Petition, which will now be superseded by the First Amended Habeas Petition, rendering the TRO Motion moot.